Filed 10/6/21

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MICHAEL G. et al., | |
| Petitioners, | G060407 |
| v. | (Super. Ct. No. 19DP1381) |
| THE SUPERIOR COURT OF ORANGE COUNTY, | O P I N I O N |
| Respondent; | |
| ORANGE COUNTY SOCIAL SERVICES AGENCY et al., | |
| Real Parties in Interest. | |

Petitions for extraordinary writ relief challenging an order of the Superior Court of Orange County, Antony C. Ufland, Judge. Petitions denied.

Martin Schwarz, Public Defender, Seth Bank, Assistant Public Defender, and Brian Okamoto, Deputy Public Defender, for Petitioner Michael G.

Juvenile Defenders and Donna P. Chirco for Petitioner Kristie G.

Leon J. Page, County Counsel, and Karen L. Christensen and Jeannie Su, Deputy County Counsel, for Real Party in Interest Orange County Social Services Agency.

Law Office of Harold LaFlamme and Hannah Gardner for Real Party in Interest A.G.

\*          \*          \*

In separate petitions for extraordinary writ relief, Michael G. (Father) and Kristie G. (Mother) ask us to set aside the juvenile court's order at the 18-month review hearing terminating reunification services and setting a permanency planning hearing under Welfare and Institutions Code[1] section 366.26 as to their 16-year-old daughter, A.G. According to the parents, the court should have continued services in light of its finding that the Orange County Social Services Agency (SSA) had provided inadequate services during the most recent review period. Father further contends there is a substantial probability that A.G. could be returned to him with additional services, and the court should have granted a continuance under section 352. Father also argues the court's ruling denied him fundamental fairness and due process. For the reasons set forth below, we disagree and deny the writ petitions.

**FACTS**

As detailed in our previous opinion in this case (*Orange County Social Services Agency v. Michael G.* (Oct. 26, 2020, G059045) [nonpub. opn.]), A.G. left home in the fall of 2019 due to Father's escalating mental health issues. According to A.G., Father heard voices and had delusions of persecution by demons, witches, and the government; he also yelled, threw things, and punched the walls in their home. At the

---

[1]     All further undesignated statutory references are to this code.

2

time, A.G. was not in contact with Mother, who lives in North Carolina, and whose background includes mental health issues, psychiatric hospitalization, alcohol abuse, attempted suicide, and a criminal history.

The juvenile court found A.G.'s reports were credible and concluded Father's mental health issues, coupled with Mother's mental health issues, criminal history, and failure to maintain a relationship with the child, put the child at risk of suffering serious physical harm. Based on these findings, the court assumed jurisdiction over the child in January 2020, removed her from her parents' custody, ordered both parents to undergo general counseling and other reunification services, and ordered an Evidence Code section 730 evaluation of Father.

During the six-month review period, Father refused to sign his case plan and the therapy referral, or to participate in the section 730 evaluation. Mother made even less progress and was terminated from counseling due to non-attendance.

At the six-month review hearing in September 2020, the juvenile court found that returning A.G. to her parents "would create [a] substantial risk of detriment to [her] safety, protection, or physical or emotional well-being"; that reasonable reunification services had been provided or offered to the parents, who each had made only "minimal" progress toward alleviating or mitigating the causes necessitating placement; and that there was a substantial probability A.G. may be returned to their custody within six months. The court scheduled the 12-month review hearing for December 2020 and continued reunification services, as recommended by SSA.

During the 12-month review period, Father signed the case plan and engaged in some recommended services, including counseling and the parenting class. He continued to refuse to participate in the section 730 evaluation, however, relenting only after we affirmed the juvenile court's jurisdictional finding and disposition order in October 2020. (*Orange County Social Services Agency v. Michael G., supra*, G059045.) The section 730 evaluator, Dr. Gerardo Canul, conducted his evaluation of Father in

3

November and issued his report in December, concluding Father's "psychological and psychiatric problems are significant."

At the 12-month review hearing in December, the juvenile court again found that returning A.G. to her parents "would create [a] substantial risk of detriment to [her] safety, protection, or physical or emotional well-being"; that reasonable reunification services had been provided or offered to the parents; that Father's progress toward alleviating or mitigating the causes necessitating placement was "moderate," while Mother's progress was "minimal"; and that there was a substantial probability A.G. may be returned to their custody within six months. The court scheduled the 18-month review hearing for April 2021 and continued reunification services, as recommended by SSA.

At the 18-month review hearing, which was continued to June 2021, SSA recommended terminating services and setting a section 366.26 hearing. A.G.'s counsel joined in these requests. Counsel for Mother and Father both objected and asked the juvenile court to continue services under sections 352 and 366.22 and in accordance with principles of due process.

After taking the matter under submission, the juvenile court terminated reunification services and ordered a section 366.26 hearing to be held within 120 days. Citing section 366.22, subdivision (a), which we discuss below, the court found by a preponderance of the evidence that returning A.G. to her parents would create a substantial risk of detriment to her safety, protection, or physical or emotional well-being. (See § 366.22, subd. (a)(1).) The court also found that, notwithstanding its reasonable services findings at the six and 12-month hearings (which the court "firmly believe[d]" were the "right call, given the involvement or lack thereof of the parents at that time"), SSA had not provided reasonable services in the most recent review period.[2]

_____

[2]    In finding a lack of reasonable services during the 18-month review period, the juvenile court was evidently troubled by two things:  (1) the social worker had

4

Even so, the juvenile court decided to terminate reunification services, finding the lack of reasonable services in the most recent review period did "not automatically require the court to extend services." Citing section 366.22, subdivision (b), and the parents' "lack of significant and consistent progress in this case to date," the court concluded the provision of additional services would not be in A.G.'s best interest and that further services were not likely to positively impact reunification. Accordingly, the court ordered a section 366.26 hearing to occur within 120 days and ordered the termination of services. (See § 366.22, subd. (a)(3).) Father and Mother each filed notices of intent to file writ petitions.

**DISCUSSION**

Father and Mother challenge the juvenile court's order terminating reunification services at the 18-month review hearing and setting a permanency hearing under section 366.26. They assert they should have received additional reunification services because they did not receive reasonable services in the most recent review period. Father further contends there was a substantial probability that A.G. could be returned to him with additional services, and the court should have granted a continuance under section 352. He also asserts he was denied due process.

Although we normally review an order terminating reunification services for substantial evidence (*In re M.S.* (2019) 41 Cal.App.5th 568, 580), we review the interpretation and application of the dependency statutes de novo (*In re M.F.* (2019)

inexplicably failed to obtain or review a copy of Father's section 730 evaluation until just before the June 2021 hearing, which the court found unreasonable considering the fact that the court had a copy of it as early as December 2020, and the court had made it clear from early on that Father's psychological issues needed to be addressed in his case plan; and (2) the social worker also acted unreasonably when he incorrectly believed Mother was only allowed written communication with A.G., when in fact Mother's case plan permitted monitored phone calls, as well as in-person visitation if she ever came to California.

5

32 Cal.App.5th 1, 18 (*M.F.*)). We review the denial of a continuance request for abuse of discretion. (See *In re J.E.* (2016) 3 Cal.App.5th 557, 567.)

Before addressing the issues raised on appeal, we begin with a brief overview of the statutory provisions governing the duration of reunification services and the time for setting section 366.26 hearings. "As a general rule, when a child is removed from parental custody under the dependency statutes, the juvenile court is required to provide reunification services pursuant to section 361.5 to 'the child and the child's mother and statutorily presumed father.' (§ 361.5, subd. (a).) The purpose of these reunification services is 'to facilitate the return of a dependent child to parental custody.' [Citations.] Unless an express exemption exists, reunification services provided pursuant to section 361.5 are mandatory, subject to strict timelines, and monitored through periodic court reviews at which parents are admonished that failure to participate successfully in reunification efforts could lead to the termination of their parental rights. (§§ 361.5, 366.21, 366.22.)" (*In re Jaden E.* (2014) 229 Cal.App.4th 1277, 1281.)

The parent and child typically receive up to 12 months of reunification services. (§ 361.5, subd. (a)(1)(A) [for a child age three or older, "court-ordered services shall be provided beginning with the dispositional hearing and ending 12 months after the date the child entered foster care as provided in Section 361.49, unless the child is returned to the home of the parent or guardian"].) The juvenile court may extend services up to 18 months, however, if it finds there is a substantial probability the child will be returned to the parent's custody within the extended time period, or if it finds reasonable services were not provided. (§ 361.5, subd. (a)(3)(A); see also §§ 366.21, subd. (g)(1), 366.22, subd. (a)(1).)

If the case is so continued, at the 18-month permanency review hearing, the juvenile court must "order the return of the child to the physical custody of his or her parent . . . unless the court finds, by a preponderance of the evidence, that the return of the child to his or her parent . . . would create a substantial risk of detriment to the safety,

6

protection, or physical or emotional well-being of the child." (§ 366.22, subd. (a)(1).) If the child is not returned to the parent's custody at that hearing, the court must terminate reunification services and set a section 366.26 hearing. (*Id.*, subd. (a)(3).)

However, a narrow exception allows the continuation of services under certain exceptional circumstances: pursuant to subdivision (b) of section 366.22, if the juvenile court determines at the 18-month permanency review hearing that the best interests of the child would be met by the provision of additional reunification services, and if the court concludes that reasonable services were not provided to the parent or there is a substantial probability the child will be returned to the parent's physical custody and safely maintained in the home within the extended period of time, the court may continue the matter for up to six months so that additional reunification services may be provided. This exception applies only if the parent is (1) a parent making significant and consistent progress in a court-ordered residential substance abuse treatment program, (2) a minor or a dependent parent at the time of the initial hearing who is making significant and consistent progress in establishing a safe home for the child's return, or (3) a parent who was recently discharged from incarceration, institutionalization, or the custody of the Department of Homeland Security (DHS) and who is making significant and consistent progress in establishing a safe home for the child's return. (§ 366.22, subd. (b); see also § 361.5, subd. (a)(4)(A) [similar].)[3]

Except for those limited circumstances, if the child is not returned to the parent's custody at the 18-month permanency review hearing, the juvenile court must terminate reunification services and set a section 366.26 hearing. (§ 366.22, subd. (a)(3).) To quote the statute, "Unless the conditions in subdivision (b) are met and the child is not returned to a parent or legal guardian at the permanency review hearing,

---

[3]     Alternatively, "a juvenile court may invoke section 352 to extend family reunification services beyond these limits if there are 'extraordinary circumstances which militate[ ] in favor of' such an extension." (*In re D.N.* (2020) 56 Cal.App.5th 741, 762.)

the court shall order that a hearing be held pursuant to Section 366.26 in order to determine whether adoption, . . . guardianship, or continued placement in foster care is the most appropriate plan for the child. . . . The court shall also order termination of reunification services to the parent or legal guardian. . . . The court shall determine whether reasonable services have been offered or provided to the parent or legal guardian." (*Ibid.*) Thus, "[a]lthough the juvenile court still must make a finding regarding whether reasonable services have been offered in such circumstances, its authority to set a section 366.26 hearing '"is *not* conditioned on a reasonable services finding."'" (*N.M. v. Superior Court* (2016) 5 Cal.App.5th 796, 806 (*N.M.*).)

After reviewing these statutory provisions de novo, we conclude the juvenile court in this case did not err in terminating reunification services at the 18-month review hearing, notwithstanding its conclusion that reasonable reunification services were not provided in the most recent review period. Subdivision (b) of section 366.26 does not apply, as the parents here are not minor or dependent parents, in court-ordered substance abuse treatment programs, or recently discharged from incarceration, institutionalization, or DHS custody.[4] Because subdivision (b) does not apply, subdivision (a)(3) obligated the court to terminate services and set the section 366.26 hearing, regardless of whether reasonable services had been provided in the most recent review period. We find no error or due process violation.

Our conclusion is consistent with the two cases the juvenile court cited in support of its decision: *Earl L. v. Superior Court* (2011) 199 Cal.App.4th 1490 (*Earl*)

---

[4]     It is unclear why the juvenile court felt compelled to address the parents' "lack of significant and consistent progress in this case," whether additional services would be in A.G.'s best interest, or the other factors listed in subdivision (b)(1) through (3), considering subdivision (b) plainly does not apply here. But because we conclude subdivision (b) does not apply, we need not address Father's contention that substantial evidence does not support the court's application of subdivision (b), including its finding that there was no substantial probability that A.G. could be returned to Father with additional servicing.

and *San Joaquin Human Services Agency v. Superior Court* (2014) 227 Cal.App.4th 215 (*San Joaquin*). In *Earl*, we rejected the father's argument that the lower court erred in terminating reunification services at the 18-month permanency review hearing, notwithstanding its finding that inadequate reunification services were provided during the most recent review period. (*Earl,* at p. 1495.) As we explained in *Earl*, the setting of a section 366.26 hearing at the 18-month permanency review hearing is not "'conditioned on a reasonable services finding'"; although subdivision (b) provides a limited right to a continuance if reasonable services were not provided in certain unique circumstances, where subdivision (b) is inapplicable (as is the case here), the lack of reasonable services cannot bar the setting of a section 366.26 hearing. (See *Earl,* at p. 1504.) Similarly, in *San Joaquin*, our colleagues in the Third District concluded the lower court lacked the ability to "extend services beyond 18 months, regardless of whether or not reasonable services were provided," because "the statutorily required factors [i.e., those listed in section 366.22, subdivision (b)] were not present." (*San Joaquin*, at p. 224; see also *N.M., supra,* 5 Cal.App.5th at p. 806 [if returning a child to his or her parent would create a substantial risk for the child, and subdivision (b) does not apply, the court must set the section 366.26 hearing and terminate services].)

This is a difficult issue, and we recognize "[t]here is a split of authority in case law whether the juvenile court must observe the 18-month deadline for setting a section 366.26 placement hearing when reasonable services have not been provided." (*M.F.*, *supra*, 32 Cal.App.5th at p. 21 [collecting cases]; *see id.* at p. 23 [concluding dependency statutes allow court to "extend services on a finding that reasonable services

9

were not offered or provided to a parent, even if it means that services will be offered beyond the 18-month review date"].)[5]

That split is not wholly surprising. In a statement supporting the California Supreme Court's denial of review of our 2017 opinion in *J.C. v. Superior Court*, Justice Goodwin Liu noted the "statutory scheme is ambiguous" and ripe for review by the Legislature. (*J.C. v. Superior Court* (June 28, 2017, G054816) [nonpub. opn.] review den. Aug. 23, 2017, S243357 (stmt. of Liu, J. [2017 Cal. Lexis 6576, at p. *11] (Statement , Liu, J.).) We agree. As Justice Liu observed, although some authority (e.g., section 366.22 and *San Joaquin*) supports the conclusion that "the juvenile court must observe the 18-month deadline for setting a section 366.26 placement hearing whether or not reasonable reunification services had been provided," other statutory provisions suggest or imply that the section 366.26 placement process may not move forward unless

---

[5]  We disagree with the *M.F.* court's conclusion that "section 361.5, subdivision (a)(4)(A), explicitly authorizes the extension of services to the 24-month date on specified circumstances not applicable here *or on a finding that reasonable services were not offered or provided*." (*See M.F., supra*, 32 Cal.App.5th at p. 23, italics added.) Section 361.5, subdivision (a)(4)(A), states that "court-ordered services may be extended up to a maximum time period not to exceed 24 months after the date the child was originally removed from physical custody of the child's parent or guardian if it is shown, *at the hearing held pursuant to subdivision (b) of Section 366.22*, that the permanent plan for the child is that the child will be returned and safely maintained in the home within the extended time period. The court shall extend the time period only if it finds that it is in the child's best interest to have the time period extended and that there is a substantial probability that the child will be returned to the physical custody of the child's parent or guardian who is described in subdivision (b) of Section 366.22 within the extended time period, or that reasonable services have not been provided to the parent or guardian." In our view, the italicized language above means a court only has the ability to extend reunification services past the 18-month mark if subdivision (b) of section 366.22 applies (i.e., where the parent is a minor or dependent parent, in a court-ordered substance abuse treatment program, or recently discharged from incarceration, institutionalization, or DHS custody, etc.), not in any and all cases where reasonable services were not offered.

reasonable reunification services were provided.[6] (Statement, Liu, J., *supra,* at pp. *9-10.)

On balance, however, we feel compelled to defer to the language in section 366.22, subdivision (a)(3), and we conclude the juvenile court properly terminated reunification services and set the section 366.26 hearing at the 18-month review hearing, notwithstanding its conclusion that reasonable services were not provided in the most recent review period. "We recognize denying or terminating reunification services can be heart wrenching. But 'in order to prevent children from spending their lives in the uncertainty of foster care, there must be a limitation on the length of time a child has to wait for a parent to become adequate.' [Citation.] The statutory restrictions are consistent with the overall objective of the statutory scheme—that is, the protection of abused or neglected children and the provision of permanent, stable homes if they cannot be returned to parental custody within a reasonable time." (*San Joaquin, supra*, 227 Cal.App.4th at p. 225.) We also believe the statutory scheme at issue here, despite its complexities and the ambiguity cited by Justice Liu, provides parents with

---

[6] Justice Liu gave the following examples: (i) section 366.22, subdivision (a)(3), "requires the juvenile court to 'determine whether reasonable services have been offered or provided to the parent or legal guardian' at the permanency hearing, although it does not expressly condition a placement hearing on a finding of reasonableness"; (ii) section 366.21, subdivision (g)(1)(C)(ii), and section 366.22, subdivision (b)(3), "both state that the 'court shall not order that a hearing pursuant to Section 366.26 be held unless there is clear and convincing evidence that reasonable services have been provided or offered to the parent or legal guardian.' But this prohibitory language resides in a subdivision of each statute, and it is not clear whether the prohibition applies in all situations or only in the situations addressed by those subdivisions"; and (iii) section 352, subdivision (a), "authorizes juvenile courts to 'continue any hearing under this chapter beyond the time limit within which the hearing is otherwise required to be held, provided that no continuance shall be granted that is contrary to the interest of the minor.' This provision could be read to authorize trial courts to continue a section 366.26 placement hearing after 18 months in the event that reasonable reunification services have not been provided." (Statement, Liu, J., *supra*, at pp. *7-8.)

11

fundamental fairness and therefore satisfies due process requirements. We nonetheless join Justice Liu in inviting the Legislature to reexamine the interplay of these statutes.

Father alternatively insists the juvenile court should have continued reunification services under section 352, and its refusal to do so was an abuse of discretion. We cannot agree. Section 352 allows a court to order a continuance only if it is not "contrary to the interest of the minor," giving "substantial weight to a minor's need for prompt resolution of his or her custody status, the need to provide children with stable environments, and the damage to a minor of prolonged temporary placements." (§ 352, subd. (a)(1).) The court here concluded additional services would not be in A.G.'s best interest, given both parents' lack of consistent and regular contact and visitation, their lack of significant and consistent progress in the prior 18 months in resolving the problems that led to her removal, and a lack of evidence that either parent had demonstrated the capacity or the ability to complete the components of the case plan. On this record, the court reasonably concluded A.G.'s interests were best served by moving forward with the case; we see no abuse of discretion. (See also *Earl L.*, *supra*, 199 Cal.App.4th at p. 1505 ["It defies common sense to continue reunification efforts for a parent who has made minimal efforts throughout a case"].)

12

## DISPOSITION

The petitions challenging the juvenile court's order terminating services and setting the section 366.26 hearing are denied.


GOETHALS, J.

WE CONCUR:


MOORE, ACTING P. J.


FYBEL, J.